UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ELISHA WELLMAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:10 CV 2345 RWS |
| | ) |
| WHOLE FOODS MARKET GROUP, | ) |
| INC. and BRIAN GOURLEY, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

This matter is before me on Plaintiff's Motion to Remand and Defendant Brian Gourley's Motion to Dismiss. Plaintiff Elisha Wellman filed this action in Missouri state court for wrongful discharge against her former employer, Whole Foods Market Group, Inc., and against Brian Gourley, manager of the Whole Foods store located near the St. Louis Galleria. Wellman alleges her termination was the direct result of her engaging in whistle-blowing activities and was in violation of the public policy exception to Missouri's at-will employment doctrine. Although complete diversity is lacking on the face of the complaint because both Wellman and Gourley are citizens of Missouri, Defendant Whole Foods removed the lawsuit to federal court claiming Gourley was fraudulently joined to defeat diversity jurisdiction. Wellman has moved to remand the lawsuit to Missouri state court. Because I find that Gourley was fraudulently joined as a defendant, there is complete diversity between the remaining parties and I have subject-matter jurisdiction over this case. I will deny Wellman's motion to remand and grant Defendant Gourley's motion to dismiss.

*Background*

Plaintiff Elisha Wellman filed this action in the Circuit Court of the County of St. Louis alleging that she was wrongfully discharged by Defendants Whole Foods Market Group, Inc. ("Whole Foods") and Brian Gourley. Wellman alleges that she was employed by Whole Foods from December 2001 until she was terminated in August 2010. She asserts that Defendant Gourley is employed as store manager at the "Whole Foods - Galleria store." She alleges that Gourley, in his capacity as store manager, terminated Wellman from her employment with Whole Foods.

Wellman alleges that Whole Foods, as a certified organic retail store, violated applicable statutory and regulatory guidelines and that she brought the violations to the attention of Whole Foods and Gourley. She alleges that after doing so, "Whole Foods began a series of meetings and disciplinary actions aimed at terminating Plaintiff in retaliation for her actions." Wellman alleges that she is a whistle-blower under Missouri law and that Defendants terminated her as a direct result of her whistle-blowing activities on or about August 30, 2010. Wellman alleges this termination is a violation of the public policy exception to Missouri's at-will employment doctrine.

Wellman is a citizen of Missouri. Defendant Whole Foods is a citizen of Texas because it is incorporated in Texas and its principal place of business is in Texas. Defendant Gourley is a citizen of Missouri. If Gourley was fraudulently joined, I will have subject matter jurisdiction over this case because Whole Foods is diverse from Wellman.

*Discussion*

*Fraudulent Joinder*

28 U.S.C. § 1441(b) allows a defendant to remove a civil action from state court to federal court based on diversity jurisdiction only if none of the properly joined defendants are citizens of the state in which the original action was filed. Applied here, I lack jurisdiction over this case if one of the defendants is citizen of Missouri. 28 U.S.C. § 1441(b); Hurt v. Dow Chem. Co., 963 F.2d 1142, 1145 (8th Cir.1992). The removing defendant, as the party invoking jurisdiction, bears the burden of proving that all prerequisites to jurisdiction are satisfied. See In re Business Men's Assur. Co. of America, 992 F.2d 181, 183 (8th Cir.1993). Removal statutes are strictly construed, and any doubts about the propriety of removal are resolved in favor of remand. Transit Cas. Co. v. Certain Underwriters at Lloyd's of London, 119 F.3d 619, 625 (8th Cir.1997).

Removal will not be defeated, however, by collusive or fraudulent joinder of a resident defendant. See Anderson v. Home Ins. Co., 724 F.2d 82, 84 (8th Cir.1983). When a party seeking removal alleges fraudulent joinder, the removing party bears the substantial burden of proving the alleged fraud. See Parnas v. General Motors Corp., 879 F.Supp. 91, 92 (E.D.Mo.1995). To establish that a resident defendant has been fraudulently joined, the removing party must show that: (i) there is no possibility the plaintiff would be able to establish a cause of action against the resident defendant in state court; or (ii) there has been outright fraud in the plaintiff's pleadings of jurisdictional facts. Monroe v. Consolidated Freightways, Inc., 654 F.Supp. 661, 662-63 (E.D.Mo.1987). Any contested fact issues must be resolved in favor of the plaintiff. See id. at 663 (citation omitted).

*Motion to Dismiss*

When ruling on a motion to dismiss, I must accept as true all factual allegations in the

complaint and view them in the light most favorable to Plaintiffs. Fed. R. Civ. P. 12(b)(6); Erickson v. Pardus, 551 U.S. 89, 94 (2007). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). A "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formalistic recitation of elements of a cause of action will not do." Id. (internal quotations omitted). To survive a motion to dismiss, a plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level." Id. at 555.

*Wrongful Discharge Pursuant to Public-Policy Exception of the At-Will Employment Doctrine*

Wellman's Complaint alleges that Defendant Gourley is employed as the store manager at Whole Foods and that, in his capacity as manager, he wrongly discharged Plaintiff from her employment with Whole Foods. Defendants argue that Gourley was fraudulently joined because there is no individual liability against managers for a common law claim of wrongful discharge in violation of Missouri public policy.

The Missouri Supreme Court has adopted the following public-policy exception to the at-will employment doctrine:

> An at-will employee may not be terminated (1) for refusing to violate the law or any well-established and clear mandate of public policy as expressed in the constitution, statutes, regulations promulgated pursuant to statute, or rules created by a governmental body or (2) for reporting wrongdoing or violations of law to superiors or public authorities.

Fleshner v. Pepose Vision Inst., P.C., 304 S.W.3d 81, 92 (Mo. 2010). If an employee is terminated by an employer for either reason, then the employee has a tort cause of action against

the employer for wrongful discharge pursuant to the public-policy exception. Id. Under Missouri law, a former employee may only maintain a public-policy wrongful discharge cause of action against a former employer. Taylor v. St. Louis County Board of Election Commissioners, 625 F.3d 1025, 1027(8th Cir. 2010).

Wellman concedes that an employment relationship must exist between Gourley and herself in order for her to have a cause of action against him for wrongful discharge. In Missouri, whether an employer/employee relationship exists is based upon the alleged employer's right of control over the employee. Id. at 1028. The factors considered in this analysis include the "extent of control, actual exercise of control, duration of employment, right of discharge, method of payment for services, furnishing of equipment, whether the work is part of regular business of the employer, and the control of employment." Id. (quoting Chandler v. Allen, 109 S.W.3d 756, 763 (Mo. Ct. App. 2003).

The Eighth Circuit Court of Appeals has considered whether Missouri recognizes individual liability for supervisory employees. In Taylor, the Court noted that Missouri law does not "consider individuals who merely supervise an employee as employers for the purpose of wrongful discharge claims." Id. at 1029 n.3.

Wellman argues that she must conduct discovery to determine whether an employer/employee relationship existed between Gourley and herself. However, Wellman could address several of the right of control factors prior to conducting discovery and her Complaint, Response to Defendant's Motion to Dismiss, and her Motion to Remand are devoid of any indication that Gourley's position as a manager at Whole Foods is different from that of a

supervisory employee.[1]  Wellman does not provide any case law to support her proposition that Missouri recognizes individual liability for a supervisor or manager under the public-policy exception of the at-will employment doctrine and I have not identified any Missouri case law that extends liability to individuals in wrongful termination cases.  See <u>Irvine v. City of Pleasant Valley, Mo.</u>, No. 09-0682-CV-W-FJG, 2010 WL 1611030 (W.D. Mo. Apr. 21, 2010).  Further, Wellman's arguments attempting to distinguish the cases Defendants rely on because they concern elected officials, not corporations, are unpersuasive.

The Eighth Circuit has clearly interpreted Missouri law to not extend liability for wrongful discharge to a supervisor and Wellman has provided no basis for concluding that Gourley, acting in his capacity as manger of Whole Foods, was acting in a capacity that was greater than that of a supervisor.  Because Wellman does not have a colorable cause of action against Gourley, I must find that he was fraudulently joined and deny Wellman's Motion to Remand.  I will grant Defendant Gourley's Motion to Dismiss for the same reason.  Accordingly,

**IT IS HEREBY ORDERED that** Plaintiff's motion to remand [#16] is **DENIED** and Defendant Gourley's Motion to Dismiss [#7] is **GRANTED**.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 28th day of February, 2011.

---

[1] Wellman failed to file a Reply brief to her Motion to Remand.